*597 SUSANO, Judge,
concurring.
I concur in Judge Franks’ opinion. I adhere to the opinion authored by me in the case of Wyatt v. A-Best Products Co., 924 S.W.2d 98 (Tenn.App.1995), perm. app. den. May 28, 1996. I agree with Judge Franks that the result in that case, and, I would add, the reasoning advanced to support it, fully answer the issue of statutory interpretation raised by the plaintiffs. I write separately to further respond to the plaintiffs’ issue regarding statutory construction. I note, parenthetically, that the plaintiffs acknowledged at oral argument that their constitutional issues could not be addressed by this court since, as the plaintiffs apparently concede, a resolution of those issues in their favor would require an overruling of controlling Supreme Court precedent. Obviously, this is not our prerogative.
When the General Assembly enacted the Tennessee Products Liability Act of 1978 (TPLA), it did so in response to a perceived problem related to the availability and cost of product liability insurance, and the impact of these issues on manufacturers, distributors, and consumers. The preamble to the enacting legislation, Chapter 703 of the Public Acts of 1978, effective July 1,1978, is instructive:
WHEREAS, The General Assembly finds and declares that the number of product liability suits and claims for damages and the amount of judgments, settlements and the expense of defending such suits have increased greatly in recent years, and because of these increases the cost of product liability insurance has substantially increased. The effect of increased insurance premiums and increased claims has increased product cost through manufacturers, wholesalers and retailers passing the cost of the premium to the consumer. Further, certain product manufacturers are discouraged from continuing to provide and manufacture such products because of the high cost and possible unavailability of product liability insurance; and
WHEREAS, In view of these recent trends and for the purpose of alleviating the adverse effects which these trends are producing, it is necessary to protect the public interest by enacting measures designed to make product liability insurance more readily available at a reasonable cost so that product cost may be lessened to the consumer; and
WHEREAS, In enacting this act, it is the purpose of the General Assembly to provide a reasonable time within which action may be commenced against manufacturers, and/or sellers while limiting the time to a specific period of time for which product liability insurance premiums can be reasonably and accurately calculated; and to provide other changes to expedite early evaluation and settlement of claims; ...
I cannot reconcile the plaintiffs’ position regarding the interplay between their claims and the ten-year statute of repose in the TPLA, with the purpose behind that enactment — an immediate response to a perceived insurance problem, and its aftermath, of the magnitude expressed by the General Assembly. Whether such a problem existed, in fact, is not the issue. The General Assembly believed that it did and enacted legislation to address it. I believe that the legislative body intended that an unfiled, unknown claim for damages resulting from a product that had been in use for more than ten years as of July 1, 1978, would be extinguished, as of that date — both the right and the remedy. I believe that any other interpretation of that statute of repose is at odds with the purpose of the TPLA. This is primarily because the continued viability of latent injury claims associated with products that had been in use for more than ten years as of July 1, 1978, would be a serious impediment to resolving the very problem that the General Assembly sought to address when it enacted the TPLA.
We must interpret a statute in a way that is consistent with its purpose. In re Conservatorship of Clayton, 914 S.W.2d 84, 90 (Tenn.App.1995). In my judgment, a delayed implementation of this particular statute of repose is the antithesis of the purpose behind the legislation in question. Had the General Assembly intended to exclude latent claims from the effect of the ten-year statute of repose, or had it intended to limit the statute’s application to products “purchased for use or consumption” on or after the effec *598 tive date of the legislation, it could have so provided. However, it failed to do so. I believe that these omissions, taken together with the purpose of the statute and the clear import of the language employed by the legislative body, all militate in favor of our interpretation of the TPLA’s statute of repose.